THE STATE OF KANSAS, *ex rel. Fred S. Jackson, as Attorney-general,* v. J. P. HARSHA.

No. 16,187.

1. OFFICE AND OFFICERS—*Forfeiture—Quo Warranto.* It was said that under the statute in controversy whether an official has forfeited his office may be ascertained and declared in a *quo warranto* proceeding.

2. ———— *Forfeiture—Notice of Violations of Liquor Laws— Failure to Notify County Attorney.* A mayor who had actual notice of the violations of the liquor laws in specific bawdy-houses, and failed to notify the county attorney, forfeited his office.

Original proceeding in *quo warranto.* Opinion filed April 10, 1909. Judgment for the plaintiff.

*Fred S. Jackson,* attorney-general, for The State; *Carr W. Taylor,* assistant attorney-general for Reno county, of counsel.

*A. C. Malloy, F. Dumont Smith, F. F. Prigg,* and *C. M. Williams,* for the defendant.

*Per Curiam:* The chief law question argued in this case was determined adversely to the defendant in the case of *The State v. Rose,* 74 Kan. 262. The question was squarely presented, fully considered, and clearly decided. The case of *The State, ex rel., v. Wilson,* 30 Kan. 661, was distinguished and the conclusion reached that the statute in controversy contemplates that the forfeiture may be ascertained and declared in the *quo warranto* proceedings provided for. Notwithstanding the able argument of counsel for the defendant the court is satisfied with the decision in the Rose case, and declines to disturb it.

The commissioner's findings having been attacked as unsupported by the evidence, the court has gone directly to the evidence taken by the commissioner, and upon the evidence finds that the defendant had full

actual notice, aside from the matter of general reputation, of violations of the liquor law in specific bawdyhouses, and that he failed to notify the county attorney of the facts of such violations, as the statute requires. Therefore he has forfeited his office, and the judgment of the court is that he be ousted.

The costs incident to the proceedings of the commissioner are divided between the defendant and the city of Hutchinson, the defendant in *The State v. Hutchinson, post.* The other costs follow the judgment.